UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT McCLINTOCK, | No. 2:21-cv-0850-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. VALENCIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint and an "addendum" thereto (ECF Nos. 1 & 4), he has also filed an application to proceed in forma pauperis (ECF No. 2).

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff has filed a complaint followed by an "addendum" to add a third claim to his complaint. *See* ECF Nos. 1 & 4. Filing separate documents that are intended to be read together as a single complaint, however, is not the proper procedure for amending a complaint. To add, omit, or correct information in the operative complaint, plaintiff must file an amended complaint that is complete within itself. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Plaintiff's complaint (and the intended amendments thereto) is dismissed with leave to amend in accordance with the requirements set forth in this order.

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint and "addendum" thereto (ECF Nos. 1 & 4) are dismissed with leave to amend within 30 days from the date of service of this order;
4. Alternatively, plaintiff may within 30 days from the date of service of this order notify the court that he elects to proceed on the original complaint without the addendum in which case the court will screen the original complaint only; and
5. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: June 14, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE