UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT McCLINTOCK, | No. 2:21-cv-0850-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. VALENCIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. After the dismissal of his original complaint on screening[1] (ECF Nos. 1 & 10), plaintiff has filed an amended complaint (ECF No. 13), which the court must now screen. As discussed below, plaintiff's amended complaint is dismissed with leave to amend for failure to state a claim.

Plaintiff's amended complaint names approximately nineteen defendants and suggests that they retaliated against plaintiff for pursuing earlier claims. ECF No. 13 at 2-3. The gist of the complaint is that these defendants are either (1) defendants in a separate civil lawsuit plaintiff is

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

litigating; or (2) "persons in the know" about plaintiff's prior lawsuit. *Id.* at 1.  Essentially, plaintiff claims that "defendants" retaliated against him for pursuing his lawsuit in three ways. The first is that they fabricated an anonymous note threatening staff and pinned it on plaintiff. *Id.* at 2-5.  As punishment, plaintiff spent approximately ten weeks in administrative segregation with numerous restrictions.  The second alleged instance of retaliation is a "bogus" rules violation report charging plaintiff with refusing housing.  Plaintiff was then forced to share a cell with an incompatible and predatory inmate from whom plaintiff contracted COVID-19. *Id.* at 6-8.  And lastly, plaintiff claims that a box of his property has gone "missing." *Id.* at 9.

Plaintiff's amended complaint is still too vague and conclusory to state a claim upon which relief could be granted as to any specific defendant.  As best the court can tell, plaintiff is alleging violations of his First Amendment right to be free from retaliation.  Mere conclusions of hypothetical retaliation, however, are insufficient.  A prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).  Here, plaintiff does not allege facts showing that any particular defendant took adverse action against him *because* of his lawsuit.  If plaintiff intends to pursue a retaliation claim, he must allege facts showing that a defendant was aware of his lawsuit, and that the lawsuit was "the 'substantial' or 'motivating' factor" behind defendant's allegedly adverse actions.  *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).  Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

Furthermore, plaintiff's generic references to "defendants," of which there are at least nineteen, is too vague.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to defendants by alleging with at least some degree of particularity the overt acts that each defendant engaged in to support plaintiff's claims. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). *Id.*  By referring generally to "defendants" without specifically linking each individual defendant to one or more adverse actions, the complaint fails to provide defendants with "fair notice" of the claims against them.

For these reasons, plaintiff's amended complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

Accordingly, IT IS ORDERED that:

1. Plaintiff's amended complaint (ECF No. 13) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

/////

2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: August 26, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE