UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT McCLINTOCK, | No. 2:21-cv-0850-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. VALENCIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On August 26, 2021, the court dismissed plaintiff's amended complaint with leave to amend. ECF No. 15. Plaintiff has filed a second amended complaint (ECF No. 16) which the court must now screen.[1]

/////

/////

/////

/////

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

The second amended complaint is grouped into three sets of allegations, titled Claims I, II, and III. Liberally construed, the allegations in "Claim I" are sufficient to state a potentially cognizable claim against defendants L. Cantu and G. Valencia for retaliating against plaintiff in violation of the First Amendment by fabricating and pursuing false charges against plaintiff because of a lawsuit plaintiff filed in 2018. *See* ECF No. 16 at 2-8. None of the complaint's remaining allegations are sufficient to survive screening.

Plaintiff purports to bring "Claim I" against an additional sixteen defendants. However, plaintiff's bare accusations as to those defendants (e.g., that various defendants oversaw the "sham" investigation, had a "duty to . . . the truth," or had a "duty to intervene," *see id.* at 6-7) do not satisfy the elements of a retaliation claim. A retaliation claim requires facts showing that a defendant was aware of plaintiff's First Amendment protected conduct and that such conduct was "the 'substantial' or 'motivating' factor" behind defendant's adverse actions. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

The two remaining groups of allegations ("Claim II" and "Claim "III") either fail to state a claim for relief or are not sufficiently related to the First Amendment retaliation claim identified above. For example, Claim II alleges that defendants Coker, Vega, and Charon retaliated against plaintiff by housing him with a violent and predatory inmate because plaintiff filed an administrative appeal after Coker issued a false rules violation report charging plaintiff with refusing housing. ECF No. 16 at 9-10. It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Whether defendants Coker, Vega, and Charon retaliated against plaintiff as described above is an entirely separate question from whether defendants L. Cantu and G. Valencia retaliated against plaintiff as alleged in Claim I. The alleged retaliation by Cantu and Valencia – fabricating and pursuing false charges against

plaintiff – relates to a prior retaliation lawsuit plaintiff filed in 2018.[2] The alleged retaliation by Coker, Vega, and Charon – housing plaintiff with a violent and predatory inmate – is premised on an administrate appeal plaintiff filed *after* the alleged retaliation by Cantu and Valencia, and by implication, *after* the 2018 lawsuit. While related somewhat chronologically, the subject matter of the administrative appeal for which Coker, Vega, and Charon allegedly retaliated (whether plaintiff refused housing while confined to administrative segregation) appears to be factually unrelated to the lawsuit.

Plaintiff also alleges that his cellmate tested positive for COVID-19. ECF No. 16 at 12. He states that unidentified "floor staff" ignored his requests to be rehoused on the basis that he is at a high risk of death from COVID-19 due to his chronic restrictive pulmonary disease and asthma. *Id.* Plaintiff ultimately contracted the virus from his cellmate, but does not allege what symptoms he experienced, if any. *Id.* at 13. Plaintiff attempts to hold defendants A/W Cantu and Warden Covello responsible for these circumstances but he has not alleged facts showing (1) how either of them was personally involved in violating plaintiff's federal statutory or constitutional rights; or (2) that such a claim could be properly joined in this action against L. Cantu and G. Valencia.

Finally, in Claim III, plaintiff alleges that his legal and educational property was wrongfully confiscated. *Id.* at 14-15. Plaintiff does not identify a claim for relief stemming from the alleged loss of his property. If plaintiff wishes to assert a First Amendment claim that the deprivation denied him access to the courts, he must say so. He must also allege specific facts showing that a specific defendant actually injured his litigation efforts, in that his or her conduct hindered plaintiff's efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). Alternatively, if plaintiff means to assert

---

[2] In the lawsuit, *McClintock v. Cooper*, No. 2:18-cv-0560-JAM-KJN (E.D. Cal.), the court found that plaintiff had stated potentially colorable retaliation claims based upon plaintiff's filing of (1) an April 17, 2017 grievance against individuals named Cooper, Armenta, Winkler, Wheeler, J. Cantu and L. Cantu; and (2) a separate grievance filed against an individual identified as Walker. *See McClintock v. Cooper*, No. 2:18-cv-0560-JAM-KJN (E.D. Cal.), ECF No. 14 at 4-5.

another retaliation claim, he must specifically allege as much and satisfy the elements required to state a retaliation claim under the First Amendment.

For these reasons, plaintiff may either proceed only on the potentially cognizable First Amendment retaliation claim against defendants L. Cantu and G. Valencia or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

/////
/////
/////

4

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 16) alleges, for screening purposes, a potentially cognizable First Amendment retaliation claim against defendants L. Cantu and G. Valencia.

2. All other claims, including those against defendants G. McCarthy, K. Luther, C. Werner, J. Mahr, Z. Hughes, J. Charon, J. Vega, T. Coker, J. Austin, Covello, and A/W Cantu are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the potentially cognizable claim identified herein or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: February 2, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT McCLINTOCK,<br><br>        Plaintiff,<br><br>    v.<br><br>G. VALENCIA, et al.,<br><br>        Defendants. | No. 2:21-cv-0850-TLN-EFB P<br><br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the potentially cognizable First Amendment retaliation claim against defendants L. Cantu and G. Valencia.

OR

(2) _____ delay serving any defendant and files a third amended complaint.

                                                                                                          Plaintiff

Dated: