UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT McCLINTOCK, | No. 2:21-cv-0850-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. VALENCIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed a third amended complaint (ECF No. 21) which the court must now screen.[1]  Like the prior complaint, plaintiff's third amended complaint attempts to join unrelated claims in a single action.

It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

1

> alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In the first claim, plaintiff alleges that in retaliation for a civil rights lawsuit plaintiff was litigating, Sergeant Valencia and Correctional Officer L. Cantu fabricated a written threat by plaintiff "to murder the defendants." ECF No. 21 at 3. Plaintiff claims that Lieutenant T. Cooper also retaliated for the lawsuit by falsely claiming to have witnessed plaintiff's threat. *Id.* at 5. Because of these false allegations, plaintiff was placed in administrative segregation for 80 days with a sign on his cell door that read "inmate threatened to murder staff." *Id.* at 4. Plaintiff was constantly threatened with harm, his medical needs were not met, and officers kicked on his cell door every thirty minutes to disturb him.

In the second and seemingly unrelated claim, plaintiff alleges that defendants Lieutenant Vega, Sergeant Coker, Lieutenant Charon, and Associate Warden Cantu were deliberately indifferent to plaintiff's safety by intentionally housing plaintiff with an incompatible inmate known for predatory behavior upon plaintiff's release from administrative segregation and re-entry into the general population.

Plaintiff cannot proceed with these two claims in a single action, as they encompass discrete events and defendants, rendering them ill-suited to proceed in a single suit. Plaintiff's complaint will be dismissed with leave to amend. In an amended complaint, plaintiff must either demonstrate that these claims can be properly joined in a single action or he must omit one of the claims entirely.

<u>Leave to Amend</u>

In addition to the above, any amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). It must also be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See*

2

*Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* Local Rule 110.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's third amended complaint (ECF No. 21) is DISMISSED with leave to amend within 30 days of service of this order.
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: May 24, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE